# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CONNY L. MILES, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| CHICAGO POLICE DETECTIVE CHRIS ) | |
| DOHERTY, STAR #21115; CHICAGO POLICE ) | |
| DETECTIVE JOSEPH MARSZALEC, ) | |
| STAR #21234; CHICAGO POLICE OFFICER ) | |
| JOHNSON, STAR #8265; CHICAGO POLICE ) | |
| OFFICER TUOHY, STAR #9801; UNKNOWN ) | |
| CHICAGO POLICE OFFICERS and THE CITY ) | |
| OF CHICAGO, a Municipal Corporation, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES, the PLAINTIFF, CONNY L. MILES, by and through his attorneys, LAW OFFICE OF JEFFREY J. NESLUND, and in complaining of the DEFENDANTS, CHICAGO POLICE DETECTIVE CHRIS DOHERTY, STAR #21115; CHICAGO POLICE DETECTIVE JOSEPH MARSZALEC, STAR #21234; CHICAGO POLICE OFFICER JOHNSON, STAR #8265; CHICAGO POLICE OFFICER TUOHY, STAR #9801; UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO, a Municipal Corporation, state as follows:

### INTRODUCTION

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF'S constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

1

3. PLAINTIFF, CONNY L. MILES is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. DEFENDANTS, CHICAGO POLICE DETECTIVE CHRIS DOHERTY, STAR #21115; CHICAGO POLICE DETECTIVE JOSEPH MARSZALEC, STAR #21234; CHICAGO POLICE OFFICER JOHNSON, STAR #8265; CHICAGO POLICE OFFICER TUOHY, STAR #9801; UNKNOWN CHICAGO POLICE OFFICERS were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. DEFENDANT DETECTIVES DOHERTY and MARSZALEC were assigned to investigate the homicides of Mario McKay in 2007 and Michael Giles in 2008.

7. In an effort to "clear" these old homicides, the DEFENDANTS conspired to present false and fabricated information to prosecutors as well as a Cook County Judge that PLAINTIFF had been identified as the shooter in the homicides of McKay and Giles.

8. On August 7, 2019, PLAINTIFF was arrested by DEFENDANTS CHICAGO POLICE OFFICERS JOHNSON, STAR #8265 and TUOHY, STAR #9801 in connection with the homicides of McKay and Giles.

9. For years prior to his arrest, PLAINTIFF was gainfully employed and raising his family in West Des Moines, Iowa.

10. As a result of the DEFENDANTS' misconduct, the PLAINTIFF was falsely arrested, incarcerated, extradited from Iowa and prosecuted for the murders of McKay and Giles in Cook County criminal case no. 19-110629501.

11. While in custody, the DEFENDANT DETECTIVES repeatedly threatened the PLAINTIFF with the death penalty, asking him if he preferred the "chair or the needle."

12. During his incarceration, PLAINTIFF was deprived of the ability to interact freely with his loved ones; to be present for birthdays and other life events; to pursue his passions and interest; to engage in meaningful labor and develop his career; and to live freely, as an autonomous human being.

13. On or about August 9, 2019, the Cook County State's Attorneys' Office dismissed all charges against the PLAINTIFF.

14. But for the misconduct of the DEFENDANTS, the incarceration, extradition and prosecution of the PLAINTIFF would not have occurred.

15. PLAINTIFF now brings this action to obtain justice and redress for the injuries caused by the DEFENDANTS' misconduct. As a result of the DEFENDANTS' misconduct, the PLAINTIFF was publicly branded as a murderer, and must now attempt to rebuild his life.

## COUNT I
## 42 U.S.C. § 1983: False Arrest/Unlawful Detention
### (Defendants Chicago Police Officers Johnson & Tuohy)

16. PLAINTIFF incorporates each paragraph of this Complaint as if fully restated here.

17. As described above, DEFENDANT CHICAGO POLICE OFFICERS JOHNSON, STAR #8265 and TUOHY, STAR #9801 falsely arrested and unlawfully detained PLAINTIFF without justification and without probable cause in connection with McKay and Giles' homicides.

18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

19. As a result of the above-described wrongful infringement of PLAINTIFF's rights, PLAINTIFF suffered damages, including but not limited to deprivation of his liberty, mental distress and anguish.

**COUNT II – 42 U.S.C. § 1983**
**<u>Fabrication of Evidence</u>**

20. PLAINTIFF incorporates each paragraph of this Complaint as if fully restated here.

21. As described more fully above, DEFENDANTS, while acting individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, deprived PLAINTIFF of his constitutional right by fabricating and withholding evidence and giving false testimony under oath.

22. In the manner described above, DEFENDANTS fabricated and manipulated witness statements in order to obtain an Arrest Warrant based on false and fabricated information.

23. DEFENDANTS' misconduct resulted directly in the unjust criminal prosecution and incarceration of PLAINTIFF, thereby denying his constitutional rights and deprived him of liberty in violation of his rights secured by the Fourth Amendment and the procedural and substantive due process components of the Fourteenth Amendment.

24. Absent this misconduct, PLAINTIFF'S prosecution and incarceration could not and would not have been pursued.

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and PLAINTIFF's innocence.

26. As a result of DEFENDANTS' misconduct described in this Count, PLAINTIFF suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

### COUNT III – 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights

27. Plaintiff incorporates each paragraph of this complaint as if fully restated here.

28. DEFENDANTS, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to hold PLAINTIFF criminally liable for crimes he did not commit and deprive him of his constitutional rights by maliciously causing PLAINTIFF'S prosecution for multiple homicides, by fabricating evidence that would be used to prosecute Plaintiff; and by withholding exculpatory information as described above.

29. In so doing, these co-conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving PLAINTIFF of these rights.

30. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in this plan to hold PLAINTIFF criminally responsible for the homicides of McKay and Giles.

31. As a result of DEFENDANTS' misconduct described in this count, PLAINTIFF suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

### COUNT IV
### (State Law Claim: Indemnification)

32. PLAINTIFF incorporates each paragraph of this Complaint as if fully restated here.

33. In Illinois, public entities are directed to pay any tort judgment for compensatory

damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

## REQUEST FOR RELIEF

34. PLAINTIFF, CONNY L. MILES, respectfully request that the Court:

    a. Enter a judgment in their favor and against all DEFENDANTS;

    b. Award compensatory damages against all DEFENDANTS;

    c. Award attorney's fees against all DEFENDANTS;

    d. Award punitive damages against all DEFENDANTS; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

35. PLAINTIFF, CONNY L. MILES, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

    Respectfully submitted,

    /s/ Jeffrey J. Neslund
    JEFFREY J. NESLUND
    Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100